IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARLA ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-948 (MN) |
| | ) |
| ROBERT J. VALHURA, JR., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Charles J. Brown, III, GELLERT SEITZ BUSENKELL & BROWN, LLC, Wilmington, DE – Attorneys for Plaintiff

Eileen M. Ford, Stephanie Emmanuel-De Luna, MARKS, O'NEILL, O'BRIEN DOHERTY & KELLY, P.C., Wilmington, DE – Attorneys for Defendants

May 14, 2025
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE**

Before the Court is Defendants' motion to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 12). For the reasons that follow, the Court will DENY the motion.

## I. BACKGROUND

On August 15, 2024, Plaintiff initiated this action by Complaint, asserting one count for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), against Robert J. Valihura and his law firm, Morton, Valihura, & Zerbato, LLC ("MVZ") (together, "Defendants"). (D.I. 1). Plaintiff alleges that Defendants made false and misleading statements about their legal fees as part of two efforts to collect a debt on behalf of the Le Parc Condominium Association ("Le Parc"), to which Plaintiff belongs and had an outstanding balance. (*Id.* ¶¶ 15-16 & Exs. A-B). Specifically, Plaintiff claims that Defendants misrepresented that she owed them more than $14,000 in fees on her $5,335 principal debt to Le Parc. (*Id.*).

Defendants moved to dismiss on October 18, 2024, asserting that Plaintiff's claim is untimely under the FDCPA, barred by collateral estoppel, and legally inapplicable as to Defendants because they are not "debt collectors" under the FDCPA. (D.I. 12, 13). Plaintiff filed her answering brief on November 1, and Defendants replied on November 8. (D.I. 14, 15). The Court now addresses the motion.

## II. LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Nonetheless, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Lutz*, 49 F.4th at 327. The Court does not accept "bald assertions," "unsupported conclusions and unwarranted inferences," *Finkelman v. Nat'l Football League*, 810 F.3d 187, 202 (3d Cir. 2016), or allegations "so threadbare or speculative that they fail to cross the line between the conclusory and the factual," *Connelly*, 809 F.3d at 790 (citation omitted). Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

### III. DISCUSSION

#### A. The FDCPA's Statute Of Limitations

Defendants first argue that Plaintiff's claim is barred by the FDCPA's one-year limitation provision. (D.I. 13 at 8). A claim under the FDCPA "may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Glover v. FDIC*, 698 F.3d 139, 148 (3d Cir. 2012). Defendants assert that Le Parc sought to recoup the debt from Plaintiff as early as March 2022, and, accordingly, that first collection attempt is when Plaintiff's cause of action accrued. (D.I. 13 at 10). If they are right, Plaintiff would have had to file her Complaint by March 2023.

That is not the law, however. As the Supreme Court has said, "the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs." *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019). In other words, rather than the first date of contact, an alleged violator of the FDCPA may be liable for up to one year from the most recent date on which a misrepresentation or other illegal collection act was made. *Id.*; *Glover*, 698 F.3d at 150.

Here, the Complaint does not allege any unlawful conduct in March of 2022 or any time prior to August 2023. Instead, it focuses on two communications on August 17 and September 11, 2023, in which Defendants are alleged to have made false representations by letter to Plaintiff as part of their collection efforts. (D.I. 1 ¶¶ 15-16 & Exs. A-B). The Complaint was filed less than a year later, on August 8, 2024. (*Id.*). Plaintiff's claim therefore falls within the one-year window for each of the violations and is not barred by the statute.

B. **Collateral Estoppel**

Next, Defendants contend that Plaintiff is collaterally estopped from asserting her claim. "Collateral estoppel is appropriate where: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." *Doe v. Hesketh*, 828 F.3d 159, 171 (3d Cir. 2016) (internal quotation marks omitted); *Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 573 n.10 (3d Cir. 2002). Defendants say that a default judgment entered by the Delaware State Justice of the Peace Court, and upheld upon Plaintiff's attempt to vacate the judgment, is grounds for estoppel here. (D.I. 13 at 13-14).

However, "a default judgment has no collateral estoppel effect." *Matter of McMillan*, 579 F.2d 289, 293 (3d Cir. 1978). That is because, as is the case here, a "typical default judgment" is not a litigation on the merits.[1] *In re Docteroff*, 133 F.3d 210, 215 (3d Cir. 1997) ("[A] typical default judgment [is] where a defendant neglects or elects not to participate in any manner."). Thus, here, the "default judgment entered by the Delaware Court does not meet the requirements

---

[1] The exception to this rule is where the defaulted party engaged in some sort of fraud, gamesmanship, or wrongdoing, none of which is contended here. *See, e.g.*, *Docteroff*, 133 F.3d at 215.

3

of collateral estoppel." *Wilson v. Reliance Ins. Co.*, 138 F. App'x 457, 459 (3d Cir. 2005); *see also Tiene v. L. Off. of J. Scott Watson PC*, 755 F. App'x 203, 206 (3d Cir. 2018). Accordingly, the "default judgment as to liability is not entitled to preclusive effect because it lacks the requisite element that it be actually litigated." *In re McCabe*, 856 F. App'x 430, 431 (3d Cir. 2021) (quotation marks omitted)).

And, in any event, the merits question before the Justice of the Peace Court – whether Plaintiff owed Le Parc for violations of the condo association rules – is not the same question at issue here. As Plaintiff correctly points out, at the center of this litigation is whether Defendants violated the FDCPA by making false representations to Plaintiff, such as improperly running up their attorneys' fees. (D.I. 14 at 7). Defendants' motion to dismiss on that basis is, therefore, denied.

### C.     Defendants' Conduct Is Subject To The FDCPA

Finally, Defendants contend that they are immune from liability under the FDCPA because they are not "debt collectors" under the definition provided in the Act. (D.I. 13 at 15). "The Act's definition of the term 'debt collector' includes a person 'who regularly collects or attempts to collect, directly or indirectly, debts owed to another.'" *Heintz v. Jenkins*, 514 U.S. 291, 293 (1995) (quoting § 1692a(6)) (cleaned up); *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017).

"That the FDCPA covers attorneys engaged in debt collection litigation is well-established law in this Circuit." *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 176 (3d Cir. 2015); *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 265 (3d Cir. 2013); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011) ("Attorneys, such as [those here], are regarded as debt collectors, and their conduct as such is regulated by the FDCPA."). Indeed, "Congress intended that lawyers be subject to the [FDCPA] whenever they meet the general 'debt collector'

4

definition." *Heintz*, 514 U.S. at 299 ("[A] lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts."). If anything, "[u]nder the Act, attorney debt collectors warrant closer scrutiny because their abusive collection practices are more egregious than those of lay collectors." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 301 (3d Cir. 2008) (internal quotation marks omitted).

On the face of the Complaint, "Defendants qualify as 'debt collectors' under the FDCPA." *Glover*, 698 F.3d at 152. The Complaint broadly alleges that Defendants regularly engage in this practice. (D.I. 1 ¶¶ 3, 8-11). Defendants themselves concede that "it is true that MVZ promotes debt collection practice on its website." (D.I. 15 at 7). And, perhaps most blatantly, the "payoff" letters Defendants sent to Plaintiff demanding satisfaction of her debt in exchange for releasing her apartment from an imminent Sherriff's Sale plainly stated: "This is an attempt to collect a debt." (D.I. 1 ¶¶ 15-16, Ex. A at 2, Ex. B at 2). The use of that very language has been found by the Third Circuit to constitute the conduct of a "debt collector." *Glover*, 698 F.3d at 152 n.8. Thus, the Complaint adequately alleges that Defendants are debt collectors who engaged in collection practices here.

Defendants appear to argue that they are not debt collectors because they never "obtained" the debt from Le Parc at the time they sought to enforce it – "[t]he debt always belonged to Le Parc." (D.I. 13 at 15) (quotation marks omitted). That is no solace for Defendants, however. Quite the opposite, "by its plain terms," the statute pertains to "third party collection agents working for a debt owner – not [to] a debt owner seeking to collect debts for itself." *Henson*, 582 U.S. at 83. In other words, as the Supreme Court has put it, "[e]veryone agrees that the term

5

[debt collector] embraces the repo man – someone hired by a creditor to collect an outstanding debt." *Id*. at 81.

Defendants essentially own up to that here. In their briefing, "Defendants concede the outstanding assessments are 'debts' under the FDCPA." (D.I. 15 at 8; *see also* D.I. 1 ¶ 7). And even if they didn't, whether Defendants ever actually held the debt is a matter of fact outside the scope of this motion, and a premise for which Defendants offer no support. *See Finkelman*, 810 F.3d at 202.

Finally, "[t]he FDCPA is a remedial statute, and we construe its language broadly so as to effect its purposes." *Allen*, 629 F.3d at 367. Thus, even if this were a close call – and it isn't – Plaintiff would get the benefit of the doubt. *Id.* Therefore, Defendants qualify as "debt collectors" subject to the FDCPA, and Plaintiff's "claim[] cannot be dismissed on the ground that [Defendants'] actions did not amount to 'debt collection' covered by the FDCPA." *Simon*, 732 F.3d at 265.

## IV.    CONCLUSION

The Court will DENY Defendants' motion to dismiss. (D.I. 12). An appropriate order will follow.

6